IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ELIZABETH FRANCIS,<br><br>Defendant. | CR 20-53-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Kathleen Elizabeth Francis (Francis) has been accused of violating the conditions of her supervised release. (Docs. 116 and 123). Francis admitted the violations. Francis's supervised release should be revoked. Francis should be sentenced to custody until January 8, 2027, with no term of supervised release to follow.

**Status**

On November 10, 2020, Francis pleaded guilty to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B) as charged in Count 2 of the Indictment. (Doc. 49). Francis was sentenced

to 42 months of custody, followed by 4 years of supervised release. (Doc. 71). Francis's current term of supervised release began on April 18, 2023.

**Petition**

On July 21, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Francis's supervised release. (Doc. 116). The Petition alleged Francis violated the conditions of her supervised release by: (1) failing to attend substance abuse testing on July 15, 2026; and (2) using marijuana on July 4, 2026.

**Initial Appearance**

Francis appeared before the Court on August 3, 2026. Francis was represented by counsel. Francis stated that she had read the Petition and that she understood the allegations against her. Francis waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Francis appeared before the Court on August 3, 2026. Francis admitted that she had violated the conditions of supervised release as set forth in the Petition. The Court continued Francis' sentencing until November 3, 2026.

**Amended Petition**

On September 28, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Francis's supervised release. (Doc. 123).

The Amended Petition alleged Francis additionally violated the conditions of her supervised release by: (1) using marijuana on September 18, 2026.

**Second Initial Appearance**

Francis appeared before the Court on October 7, 2026. Francis was represented by counsel. Francis stated that she had read the Amended Petition and that she understood the allegations against her. Francis waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Francis appeared before the Court on October 7, 2026. The Court noted that Francis had previously admitted that she had violated the conditions of supervised release as set forth as allegations 1-2 in the Amended Petition. Francis then admitted allegation 3 as set forth in the Amended Petition. Francis' admitted violations, 1-3, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Francis appeared before the Court on October 7, 2026. Francis's violations are Grade C. Her criminal history category is III. Francis's underlying offense is a Class B felony. Francis could be incarcerated for up to 36 months. Francis could be ordered to remain on supervised release for up to 48 months less any custody time

imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

## III.

## IV. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Francis's supervised release should be revoked. Francis should be sentenced to custody until January 8, 2027, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## V. Conclusion

The Court informed Francis that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Francis of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Francis that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> That KATHLEEN ELIZABETH FRANCIS has violated the conditions of her supervised release by: (1) failing to attend substance abuse testing on July 15, 2026; and (2) using marijuana on July 4, 2026; and (3) using marijuana on September 18, 2026..

The Court **RECOMMENDS**:

That the District Court revoke Francis's supervised release and sentence Francis to custody until January 8, 2027, with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of October 2026.

John Johnston
United States Magistrate Judge